UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

  v.

DOMINIQUE K. LUCKETT,

        Defendant.

Case No. 23-cr-187-pp

**ORDER ADOPTING JUDGE JOSEPH'S RECOMMENDATION (DKT. NO. 113) AND DENYING MOTION TO SUPPRESS STATEMENT (DKT. NO. 81)**

On October 17, 2023, a grand jury returned an eleven-count indictment against the defendant and five co-defendants. Dkt. No. 1. The indictment charges the defendant with conspiracy to possess and distribute fentanyl and methamphetamine, possession with intent to distribute fentanyl, possession of a firearm in furtherance of drug trafficking and possession of a firearm as a previously convicted felon. Id. On April 22, 2024, the defendant filed a motion to suppress statements he made during an August 30, 2023 interview on the basis that he did not voluntarily waive his Miranda rights. Dkt. No. 81 at 1. The government opposed the motion. Dkt. No. 105. In his reply brief, the defendant sought to exclude an additional statement made prior to the reading of his Miranda rights. Dkt. No. 108 at 1. The government sought leave to file a sur-reply brief to address this issue, dkt. no. 110, which the court granted, dkt. no. 111.

On October 8, 2024, Magistrate Judge Nancy Joseph issued a report recommending that the court deny the motion to suppress. Dkt. No. 113. The defendant sought an extension of time to file an objection to the report and recommendation, dkt. no. 115, which was granted, dkt. no. 116, but ultimately decided not to file any objections, dkt. no. 126. The government did not file an objection to the report and recommendation.

Because no party objected and Judge Joseph's ruling is neither clearly erroneous nor contrary to law, the court will adopt her recommendation and deny the motion to suppress.

I.  **Report and Recommendation (Dkt. No. 113)**

District judges may designate magistrate judges to hear and determine motions to suppress evidence in a criminal case. 28 U.S.C. §636(b)(1)(A). The magistrate judge must submit to the district judge proposed findings of fact and a recommendation for disposition. 28 U.S.C. §636(b)(1)(B). Parties have fourteen days to object to the magistrate judge's report and recommendation; if a party objects, the district judge must make a *de novo* determination of the portions of the report and recommendation to which the party objects. 28 U.S.C. §636(b)(1)(C). Even without an objection, a district judge may reconsider the magistrate judge's ruling "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. §636(b)(1)(A).

A.  Pre-Miranda Statements

In the first sentence of his reply brief, the defendant stated, "The defendant's statements, *including his phone number, that preceded the post-*

2

*Miranda interview* should be suppressed from evidence at the time of trial." Dkt. No. 108 at 1. In the last sentence, he asked the court "to suppress from evidence the statements he made both pre and post-*Miranda* warnings." Id. at 3. Judge Joseph determined that the defendant had waived any argument that his pre-<u>Miranda</u> statements should be suppressed. That determination is not clearly erroneous.

In his motion to suppress, the defendant asked the court for "an order excluding all evidence obtained in a violation of his constitutional rights, including but not limited to the following: all statements and evidence occurring after [the defendnat] did not voluntarily waive his *Miranda* rights." Dkt. No. 81 at 1. That motion is four pages long; nowhere in it does the defendant mention any statements he made *before* he was administered his <u>Miranda</u> warnings. The entire brief concerns the defendant's argument that the officers rushed through telling him that he had a right to remain silent and that they did not obtain his consent to talk to them after they read him his rights.

The defendant did not raise the issue of any statements he made pre-<u>Miranda</u> until his reply brief, and then—as the court has recounted—only in the opening and closing sentences of that brief, with no accompanying argument. Dkt. No. 108. The government argues that the defendant's failure to develop this argument constitutes waiver. Dkt. No. 111 at 7. Judge Joseph concluded that "[u]ndeveloped, unsupported arguments are waived" and recommended that the court deny the defendant's motion as to the pre-

3

Miranda statements. Dkt. No. 113 at 6 (citing United States v. Barr, 960 F.3d 906, 916 (7th Cir. 2020)). Judge Joseph's finding that a couple of conclusory statements unsupported by any legal argument or analysis is waived is neither clearly erroneous nor contrary to law.[1] The court will adopt Judge Joseph's recommendation as to the defendant's pre-Miranda statements and deny the motion to suppress those statements.

B.   Post-Miranda Statements

Judge Joseph concluded that the defendant's "*Miranda* waiver was voluntarily, knowingly, and intelligently made." Dkt. No. 113 at 7.

The defendant had argued that any waiver of his right to remain silent was not valid because he was "rushed" to waive his rights. Dkt. No. 81 at 3. He maintained that law enforcement never asked him if he wanted to talk, nor did they give him sufficient time to read and review the Miranda waiver form they provided him. Id. The defendant also argues that law enforcement was "deceptive" because they did not explain until the defendant already was signing the form that signing it indicated that the defendant was agreeing to speak with law enforcement. Id. at 3–4.

The government responded that the defendant's waiver was knowing, voluntary and intelligent based on the totality of the circumstances. Dkt. No.

---

[1] Normally an argument raised for the first time in a reply brief would be waived, because such arguments "leave no chance to respond." White v. United States, 8 F.4th 547, 552 (7th Cir. 2021) (citations omitted). But Judge Joseph allowed the government to file a sur-reply, so the court is not basing its ruling on the defendant's failure to raise this argument in his motion.

4

105 at 13–17. It asserted that the defendant was sufficiently advised of his rights, both orally and in writing, and never made a clear or unambiguous assertion of his rights. Id. at 13–14. It contended that the totality of the circumstances showed that the waiver was proper. Id. at 15–17. The government argued that the environment was not coercive, characterizing the interview as "low key" and "informal," taking place at 9 A.M. and lasting less than twenty minutes. Id. at 15. The government emphasized that the defendant expressed an interest in cooperating with law enforcement, and that both parties spoke in a "calm and congenial manner." Id. And it pointed out that the defendant had had several prior interactions with law enforcement during which he had waived his right to remain silent, indicating that he understood his decision. Id.

A valid waiver of a defendant's Miranda rights must always be voluntary, knowing and intelligent. Moran v. Burbine, 475 U.S. 412, 421 (1986); United States v. Carson, 582 F.3d 827, 833 (7th Cir. 2009). "Whether a person has validly waived his *Miranda* rights depends on the totality of the circumstances, *United States v. Shabaz*, 579 F.3d 815, 820 (7th Cir. 2009), and the government must prove a valid waiver by a preponderance of the evidence, *Colorado v. Connelly*, 479 U.S. 157, 168 (1986)." United States v. Quiroz, 874 F.3d 562, 567 (7th Cir. 2017). Courts consider factors including "the defendant's background and conduct, the duration and conditions of the interview and detention, the physical and mental condition of the defendant,

the attitude of the law enforcement officials, and whether law enforcement officers used coercive techniques." Shabaz, 579 F.3d at 820.

Judge Joseph considered that the interview was short and conducted in a relatively "casual and calm" manner, including the fact that law enforcement allowed the defendant to take breaks during the interview. Dkt. No. 113 at 7. She found that the defendant had been informed of his right to remain silent and that he could have exercised that right at any time before signing the waiver form, rejecting the defendant's contention that law enforcement was deceitful by telling the defendant that he must be willing to talk while the defendant was signing the waiver form. Id. at 7–8. Judge Joseph concluded that the defendant's expressed interest in cooperation tended to support a voluntary waiver. Id. at 8 (citing United States v. Brown, 664 F.3d 1115, 1118 (7th Cir. 2011). After reviewing the video footage of the interview, Judge Joseph determined that law enforcement did not "rush" through reading the waiver form, and that the defendant's age, education and experience with law enforcement indicated he could understand the terms. Id. at 8–9.

Judge Joseph considered the factors that the Seventh Circuit has described, including the defendant's age and experience with law enforcement, the circumstances of the interview and the behavior of law enforcement officers. See Shabaz, 579 F.3d at 820. She also took into consideration the fact that the defendant had waived his rights on at least three prior occasions, supporting the inference that he understood the consequences of such a waiver. None of these determinations are clearly erroneous.

Judge Joseph's findings of fact and her recommendation to deny the motion to suppress were neither clearly erroneous nor contrary to law. The court will adopt the report and recommendation.

## II. Conclusion

The court **ADOPTS** Judge Joseph's report and recommendation. Dkt. No. 113.

The court **DENIES** the defendant's motion to suppress. Dkt. No. 81.

Dated in Milwaukee, Wisconsin this 23rd day of December, 2024.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**